J-S69045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY LEE MOSLEY | : | |
| | : | |
| Appellant | : | No. 1630 MDA 2017 |

Appeal from the Judgment of Sentence February 28, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002452-2015

BEFORE: BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED DECEMBER 07, 2018**

Stanley Lee Mosley (Appellant) appeals *pro se* from the judgment of sentence imposed after a jury convicted him of four counts each of burglary, criminal trespass, criminal mischief, and theft by unlawful taking.[1] We affirm.

The trial court summarized the factual background as follows:

On Saturday, August 1st, 2015, at 9:30 in the morning, the Hampden Township[, Cumberland County] Police Department was dispatched to the Evergreen Chinese Buffet for a report of a burglary. The perpetrator had shattered the glass door and entered the restaurant where he pried open the cash register and stole the money inside. Less than an hour later, the Hampden Township Police Department received a report of another burglary at a Chinese restaurant, Chef Wong's Chinese Restaurant, where [the] burglar employed the same means of entry and theft. Video surveillance at the Evergreen was reviewed and depicted a white male with short, dark hair, a beard or goatee, and glasses breaking into the restaurant at 1:24 [a.m.] Ultimately, he would

---

[1] 18 Pa.C.S.A. §§ 3502(a)(4), 3503(a)(1)(ii), 3304(a)(5), 3921(a).

be identified as [Appellant].

Three days later, on August 4th, the East Pennsboro Township Police Department was dispatched to another burglary at the China Taste restaurant in Enola. As with the other break-ins, the burglar broke a glass door, entered the restaurant, and pried open a cash register to steal the contents. Here, video surveillance depicted a man who would later be identified as [Appellant]. On that same day, West Shore Regional Police Department investigated a burglary discovered at the Ho Wah Chinese Restaurant in Lemoyne that had also been perpetrated in the same manner as the previously discussed restaurants.

Less than two weeks later, on August 16th, [Appellant] was arrested in Dauphin County being caught in the act of burglarizing the Hibachi Grill Chinese Restaurant. He was in possession of a pry bar that he used to commit the burglary. [Appellant] was developed as a suspect for the Cumberland County Chinese restaurant burglaries. A search warrant was obtained for [Appellant's] cellphone records that placed him in the vicinity of the burglaries. Based on the similarities of the crimes, the visual identification of [Appellant] in the video surveillance footage, and the cellphone records, [Appellant] was charged with the instant crimes.

Trial Court Opinion, 2/15/18, at 3-4.

Prior to trial, Appellant requested to proceed *pro se*. After determining that Appellant knowingly, voluntarily and intelligently waived his right to counsel, the trial court granted Appellant permission to proceed *pro se*. Order, 10/24/16. A four-day jury trial commenced on December 12, 2016, at which Appellant represented himself with the benefit of stand-by counsel.

On December 15, 2016, the jury returned their verdicts finding Appellant guilty of all charges – four counts each of burglary, criminal trespass, criminal mischief, and theft by unlawful taking. On February 28, 2017, the trial court imposed consecutive sentences of three to six years of

incarceration on each count of burglary; the remaining convictions merged for sentencing purposes. Appellant's aggregate sentence was 12 to 24 years of incarceration. Appellant filed a post-sentence motion.[2] The court held a hearing on September 29, 2017 and thereafter denied Appellant's motion. Order, 10/2/17. The court, *inter alia*, stated:

> In sum, contrary to [Appellant's] quixotic assertions, his rights under the United States and Pennsylvania Constitution were not violated and he was properly convicted on all counts. Anything less than that would have been shocking.

Order, 10/2/17.

Appellant filed this timely appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. At this juncture, we note that Appellant has been *pro se* through trial, post-trial proceedings, and the appeal process. "This Court 'is willing to liberally

_____

[2] At the sentencing hearing, Appellant was advised that any post-sentence motion must be filed within 10 days. N.T. Sentencing, 2/28/17, at 11; **see also** Pa.R.Crim.P. 720(A)(1) ("Except as provided in paragraphs (C) [(after-discovered evidence)] and (D) [(summary case appeals)], a written post-sentence motion shall be filed no later than 10 days after imposition of sentence."). The trial court, however, granted Appellant's request for additional time so that he may first obtain the trial transcript, and the court accordingly directed that any post-sentence motion be filed within 10 days of Appellant's receipt of the transcript. **Id.** at 12. On June 12, 2017, Appellant filed a request for all transcripts, and on June 26th, filed a post-sentence motion. Given the trial court's express permission for Appellant to file a post-sentence motion within 10 days of the date he received the trial transcripts, we do not conclude that his June 26, 2017 post-sentence motion was untimely. **See** Pa.R.Crim.P. 720, *comment* (when a defendant has been granted leave to file a post-sentence motion under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, "the filing of the post-sentence motion . . . must comply with the timing requirements contained in paragraph (A) of this rule.").

construe materials filed by a *pro se* appellant'; however, [an appellant] is not entitled to special treatment by virtue of the fact that he 'lacks legal training.'"

***Commonwealth v. Maris***, 629 A.2d 1014, 1017 n.1 (Pa. Super. 1993), quoting ***O'Neill v. Checker Motors Corp.***, 567 A.2d 680, 682 (Pa. Super. 1989).

On appeal, Appellant presents five issues:

1. Did the trial court err and/or abuse its discretion in allowing the Commonwealth to withhold exculpatory physical evidence which was essential and material to [A]ppellant's defense, thus violating [A]ppellant's rights pursuant to the 5th and 14th Amendments of the United States Constitution?

2.) Did the trial court err and/or abuse its discretion in allowing the Commonwealth to withhold both the names and statements of witnesses who misidentified [A]ppellant as the perpetrator who was responsible for the reported burglaries and should this Court remand this matter back to the Court of Common Pleas for further proceedings where the statements were revealed through after-discovered evidence?

3.) Did the trial court err and/or abuse its discretion by denying [A]ppellant the opportunity to introduce relevant evidence which would have shown that someone else committed the crimes for which [A]ppellant was being tried for and that [A]ppellant was also previously misidentified as the perpetrator in another string of burglaries which shared highly detailed similarities to the crimes for which [A]ppellant was being tried for?

4.) Did the trial court err and/or abuse its discretion in allowing the Commonwealth to admit evidence of [A]ppellant's other pending criminal charges which were not part of and/or included in the charges for which [A]ppellant was being tried for?

5.) Did the trial court err and/or abuse its discretion in allowing the Commonwealth to introduce evidence of cell phone ping data, where the evidence presented was incomplete and unreliable?

Appellant's Brief at 6-7.

In his first issue, Appellant raises a **Brady**[3] claim, and asserts that he was denied a fair trial because the court denied his pre-trial request for the production of fingerprint evidence. Appellant claims "the Commonwealth withheld actual physical evidence recovered from one of the crime scenes." Appellant's Brief at 12. Appellant specifically assails the Commonwealth's "failure to produce the requested fingerprint evidence and/or fingerprint analysis report." **Id.** at 14-15. Appellant maintains that the evidence would be exculpatory because "there was no fingerprint evidence linking [Appellant] to any of the reported burglaries." **Id.** at 18.

"**Brady** provides that 'the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment[.]'" **Commonwealth v. Ferguson**, 866 A.2d 403, 406 (Pa. Super. 2004) (citation omitted). Pennsylvania Rule of Criminal Procedure 573(B) requires the Commonwealth to disclose "[a]ny evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth[.]" Pa.R.Crim.P. 573(B)(1)(a). Rule 573(E) states:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of

---

[3] **Brady v. Maryland**, 373 U.S. 83 (1963) (due process is offended when the prosecution withholds evidence favorable to the accused).

the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 573(E).  However:

If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial.  The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense.  Rather, material evidence must be favorable to the accused so that, if disclosed and used effectively, it may make the difference between conviction and acquittal.

*Ferguson*, 866 A.2d at 407 (citations omitted).

There is no support for Appellant's *Brady* claim.  The record reveals an absence of any fingerprint evidence – let alone material fingerprint evidence – that would have been favorable to Appellant.  The trial court explained:

At the pretrial hearing, [Appellant] sought the results of crime scene fingerprint analysis.  The District Attorney stated that no fingerprint analysis was ever performed.  However, at one of the restaurants, fingerprints were taken but deemed unusable.  It is impossible for the Commonwealth to withhold fingerprint analysis that does not exist.  Further, no fingerprint evidence was ever used at trial.  Evidence of a single usable fingerprint would not have been likely to change the outcome of the trial in light of the overwhelming evidence of [Appellant's] guilt presented by the Commonwealth.

Trial Court Opinion, 2/15/18, at 4-5.

The trial court is correct.  In his pre-trial request for fingerprint evidence, Appellant persisted, "So if they were unidentifiable, unable to be processed, how [was law enforcement] able to say that they produced no match or hit?" N.T., 12/12/16, at 19.  The Commonwealth responded unequivocally:  "The fact of the matter is there is no fingerprint analysis.  I feel like we're going

- 6 -

down this road of delay tactics at this point. I'm not sure what [Appellant] wants to get out of this, but there are no fingerprint analyses." ***Id.*** There is no merit to Appellant's first issue.[4]

In his second issue, Appellant seeks a new evidentiary hearing based on "after-discovered evidence of his innocence." Appellant's Brief at 30. Appellant asserts that the following three items represent after-discovered evidence that entitle him to a new trial: (1) a video copy of Appellant's interrogation during which he alleges that detectives told him that a number of unidentified individuals had identified him as the person who committed the burglaries; (2) an August 4, 2015 Channel ABC-27 news article soliciting information on behalf of the police relating to the burglaries; and (3) photographs of the perpetrator from surveillance footage published along with the newspaper article.

With respect to after-discovered evidence claims, Rule 720 of the Pennsylvania Rules of Criminal Procedure provides as follows:

> **(C) After-Discovered Evidence.** A post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery.

---

[4] Moreover, there was no reasonable doubt about Appellant's guilt. As the trial court indicated, the Commonwealth's case was based largely on surveillance footage showing the perpetrator of the crime in action. "Whether that person was [Appellant] was a question for the jury which they answered in the affirmative. Had jury found otherwise, we would have scheduled an immediate eye exam." Trial Court Opinion, 2/15/18, at 9.

Pa.R.Crim.P. 720(C); *see also Commonwealth v. Castro*, 93 A.3d 818, 828 (Pa. 2014) (stating that Rule 720(C) requires a motion for after-discovered evidence to be filed promptly upon the discovery of such evidence).

The Comment to Rule 720 further provides:

[A]fter-discovered evidence discovered during the post-sentence stage must be raised promptly with the trial judge at the post-sentence stage; after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge.

Pa.R.Crim.P. 720, Comment.

Instantly, on April 18, 2018, Appellant filed an application for remand in which he first raised his after-discovered evidence claim. He asserted that the three items referenced above entitled him to an evidentiary hearing to determine whether he was entitled to a new trial based on after-discovered evidence. Appellant maintains that he did not discover the three aforementioned items of purported evidence until November 9, 2017. On April 20, 2018, this Court denied Appellant's application without prejudice to his right to raise the issue in his appellate brief for decision by this Court.

It is well-settled that, to obtain relief, an after-discovered evidence claim must meet a four-prong test:

(1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. At an evidentiary hearing, an appellant must show by a

preponderance of the evidence that each of these factors has been met in order for [new proceedings] to be warranted.

*Commonwealth v. Rivera*, 939 A.2d 355, 359 (Pa. Super. 2007).

Additionally:

[A]s our Supreme Court has explained, to warrant an evidentiary hearing on a claim of after-discovered evidence, the request must, at the very least, "describe the evidence that will be presented at the hearing. Simply relying on conclusory accusations . . . is insufficient to warrant a hearing." *Castro*, 93 A.3d at 827 (footnote omitted). "[T]he hearing is for the presentation of evidence, not the potential discovery of evidence. An evidentiary hearing . . . is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim[.]" *Id.* at [] at 827-28 (quotation marks and quotation omitted).

*Commonwealth v. Heaster*, 171 A.3d 268, 273-74 (Pa. Super. 2017),

*appeal denied*, 181 A.3d 1078 (Pa. 2018).

Based on our review of the record and Appellant's allegations, we decline to remand this matter for an evidentiary hearing on Appellant's after-discovered evidence claim. First, to the extent the three items Appellant presented in his application for remand could be considered evidence, they are plainly not after-discovered evidence. Appellant was, obviously, present for his interrogation on August 5, 2014, such that he would have known at that time that detectives informed him there were individuals who identified him as the perpetrator of the burglaries. The news articles and photographs were likewise published on the same date. Additionally, in his application for remand, Appellant admits that he sought access to this evidence in advance of trial. Application for Remand, 4/18/18, at 11. Thus, the record reflects

that Appellant clearly had knowledge of each of the three items long before he filed his application for remand.

Second, Appellant fails to coherently explain, either in his application for remand or his appellate brief, how any of these items would be beneficial to his defense and likely to change the outcome at trial. As we have explained, mere conclusory accusations relating to after-discovered evidence are insufficient to warrant a hearing and such a hearing is for the presentation, "not the potential discovery of evidence." *See Heaster*, 171 A.3d 268, 273-74. Accordingly, Appellant's after-discovered evidence claim is meritless.

In his third issue, Appellant challenges the trial court's decision to exclude evidence he offered to show that similar burglaries were committed while he was incarcerated. Appellant argues:

> it was erroneous for the trial court to conclude that evidence which showed that: (1) someone else committed other similar incidents which shared highly detailed similarities to the one(s) charged; (2) someone else committed the crimes for which he [i]s being tried for; and (3) [Appellant] was previously misidentified as the perpetrator of one or more crimes bearing substantial similarities to the crimes charged, was irrelevant.

Appellant's Brief at 38.

We have explained:

> [The] [a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Tyson*, 119 A.3d 353, 357-58 (Pa. Super. 2015) (*en banc*) (citations omitted).

Evidence must be competent and relevant before it is admitted in a criminal proceeding. *Commonwealth v. Freidl*, 834 A.2d 638 (Pa. Super. 2003). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence[.]" Pa.R.E. 401(a). However, Rule 403 states that "[t]he court may exclude relevant evidence if its probative values is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

During his *pro se* cross-examination of Detective John Friel, Appellant attempted to question the detective about a December 3, 2015 burglary of the "Ho-Wah Restaurant." N.T., 12/13/16, at 250. The Commonwealth objected and the following sidebar ensued:

[Trial Court]: You're asking what happened on December 3rd, 2015?

[Appellant]: Yes, Your Honor. This was the same day that the same restaurant I'm being accused of burglarizing --

[Trial Court]: If you're going to open it up to other burglaries, you run the risk of opening it up to other burglaries in 2008. If you're going to start getting into other burglaries, then we can get into all the other things.

[Appellant]: Okay.

[Trial Court]: Because what you're trying to do is prove you couldn't have done that, and the Commonwealth can then argue, I think successfully, let's talk about the fact that there were no

- 11 -

burglaries for the five years you were in SCI, which I'm assuming you would do.

[Commonwealth]: Yes.

[Appellant]: Yeah, they're opening the door. Okay. All right.

[Trial Court]: Anything else, Mr. Jocken?

[Commonwealth]: No, Your Honor. Your Honor, I'm sorry, the objection then would be relevance.

[Trial Court]: Objection, relevance, sustained.

[Commonwealth]: And you're done with it?

[Appellant]: We're done with it.

*Id.* at 250-251.

In declining to allow Appellant's presentation of evidence concerning other burglaries committed in Cumberland County, the trial court noted:

[Appellant] contends that he was precluded from presenting evidence to show other people had committed similar burglaries while the [Appellant] was incarcerated as a means to show that he did not commit the burglaries for which he was tried. Perhaps, this would have been relevant had the court allowed the Commonwealth to introduce evidence of the 2008 crimes that resulted in his incarceration. At the hearing on [Appellant]'s post-sentence motion, the Commonwealth responded, "the evidence of other burglaries was irrelevant in this case as the facts were totally different than what we have here. These were committed in different ways, not in the same way that . . . [Appellant] committed these crimes."

\*    \*    \*

The court allowed [Appellant] more than generous leeway in presenting his case to the jury. However, taking the jury down the rabbit hole of examining every vaguely similar burglary in the county was a journey we declined to permit.

- 12 -

Trial Court Opinion, 2/15/18, at 7-8.

We conclude that the trial court did not abuse its discretion in sustaining the Commonwealth's objection to Appellant's cross-examination about unrelated burglaries in Cumberland County. Appellant's rambling, incoherent argument makes no attempt to rebut the trial court's conclusion that the robberies committed in Cumberland County while he was incarcerated were factually dissimilar to the robberies with which Appellant was charged, and consequently, irrelevant. Therefore, the trial court, in finding the unrelated burglaries to be irrelevant, committed no misapplication of law, nor did it exercise its judgment in a manifestly unreasonable way. As such, Appellant's third issue is meritless.

In his fourth issue, Appellant challenges the trial court's admission of evidence offered by the Commonwealth relating to his arrest for committing the burglary of a restaurant in a neighboring jurisdiction. In challenging the ruling, Appellant "argues that the prejudicial impact of the entire reference, more specifically, the reference to his arrest on August 16, 2015, which occurred fourteen days after the crimes for which he was being tried for and the reference to a statement where he admitted to the burglary, outweighed the probative value of the evidence." Appellant's Brief at 45.

We again note that the admission of evidence is within the sound discretion of the trial court and will only be reversed for an abuse of discretion. *Tyson*, 119 A.3d at 357. Pennsylvania Rule of Evidence 404(b) provides:

**Rule 404. Character Evidence; Crimes or Other Acts**

**(b) Crimes, Wrongs or Other Acts.**

(1) *Prohibited Uses*.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses*.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2).  We have stated:

> "Evidence of prior crimes is not admissible for the sole purpose of demonstrating a criminal defendant's propensity to commit crimes."  ***Commonwealth v. Melendez-Rodriguez***, 856 A.2d 1278, 1283 (Pa. Super. 2004).  Nevertheless, "evidence may be admissible in certain circumstances where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character."  ***Id.***  Specifically, other crimes evidence is admissible if offered for a non-propensity purpose, such as proof of an actor's knowledge, plan, motive, identity, or absence of mistake or accident.  ***Commonwealth v. Chmiel***, 889 A.2d 501 (Pa. 2005).  When offered for a legitimate purpose, evidence of prior crimes is admissible if its probative value outweighs its potential for unfair prejudice.  ***Commonwealth v. Hairston***, 84 A.3d 657 (Pa. 2014), *cert. denied*, 135 S. Ct. 164 (2014).

*Tyson*, 119 A.3d at 358.  Further,

> Evidence of other crimes may be admissible to "establish the identity of the perpetrator when the crimes are so similar that logically the same person has committed both acts."  ***Commonwealth v. Rush***, 646 A.2d 557, 561 (Pa. 1994).  "Much more is demanded than the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts."  ***Id.*** (quoting McCormick, Evidence, § 290 (2nd ed. 1972)).  "The device used must be so unusual and distinctive as to be like a **signature**."  ***Id.*** (emphasis in original).

- 14 -

***Commonwealth v. Miles***, 846 A.2d 132, 136 (Pa. Super. 2004) (*en banc*).

At the December 12, 2016 pre-trial hearing on the Commonwealth's Rule 404(b) motion, the Commonwealth proffered evidence regarding Appellant's arrest for a suspected burglary in Dauphin County on August 16, 2015. N.T., 12/12/16, at 50-61. Specifically, Lower Paxton Township Police Officer Benjamin Jones testified that he responded to a reported burglary at the "Hibachi Grill and Buffet" in Dauphin County on August 16, 2015. ***Id.*** at 50. Upon arrival, Officer Jones immediately noticed that the front door of the restaurant had been smashed. ***Id.*** at 52. Appellant was eventually apprehended as he attempted to flee from the rear of the restaurant with a backpack containing, among other things, a crow bar, cash and assorted coinage, a mask, and gloves. ***Id.*** at 52-54.

Upon entering the restaurant, Officer Jones noted that there was damage done to the cash register that was consistent with "a crowbar being wedged into the register as he was trying to open the register." ***Id.*** at 60. Officer Jones further testified that upon reviewing the restaurant's surveillance tapes, Appellant was observed walking up to the front door of the restaurant, using the crowbar to shatter the glass, and then entering the restaurant. N.T., 12/12/16, at 53.

After being presented with this testimony about similarities between Appellant's actions and arrest in Dauphin County on August 16, 2015, and the underlying crimes with which Appellant was charged in Cumberland County,

the trial court granted the Commonwealth's motion and allowed the evidence to be used at trial. *Id.* at 65-66; *See* N.T., 12/13/16, at 253-83 (Officer Jones' testimony about the August 16, 2015 burglary during Appellant's jury trial). The trial court stated:

> [T]he evidence of the break-in at the Hibachi Grill in Lower Paxton Township[, Dauphin County] will be admissible. There is a common plan, scheme, design, *et cetera*. It is also part of the history of this case and should come in naturally with respect to the other charges that will be before the Court.

*Id.* at 65.

The trial court provided further analysis in its 1925(a) opinion:

> The Commonwealth sought to present evidence to the jury that [Appellant] pled guilty to a series of very similar burglaries of Chinese restaurants in 2008. The court denied the admission of that evidence as unduly prejudicial to [Appellant] and overly confusing for the jury. However, the court did permit the presentation of evidence regarding [Appellant's] pending burglary charges stemming from the break-in of a Chinese restaurant in Lower Paxton Township in Dauphin County as it tended to demonstrate a common plan, scheme, or design. Part of the Commonwealth's theory of the case was that through all the burglaries, [Appellant] exhibited a "signature move" of breaking the glass front door of a Chinese restaurant and proceeding to pry open the cash register to steal whatever money he could find. In the court's estimation, the *modus operandi* and the choice of the establishments to burglarize were sufficiently unique as to permit the admission of evidence of the contemporaneous burglary committed by the [Appellant] in Dauphin County. The high probative value of this evidence far outweighed any undue prejudice.

Trial Court Opinion, 2/15/18, at 6-7.

As noted above, during Appellant's trial, the Commonwealth introduced evidence that in Cumberland County during the first week of August 2015,

- 16 -

Appellant committed burglaries of four different Chinese restaurants by shattering the glass of the front door of each restaurant, entering the restaurant, and prying open the cash register to steal the contents. Trial Court Opinion, 2/15/18, at 3-4.

Upon review, we conclude that the trial court did not abuse its discretion in determining that the probative value of Appellant's August 16, 2015 arrest for burglary in Dauphin County outweighed its prejudicial effect. After being presented with testimony at the hearing on the Commonwealth's Rule 404(b) motion, N.T., 12/12/16, at 50-61, the trial court properly exercised its discretion in admitting the evidence under Rule 404(b)(2). Specifically, the admitted evidence "tended to demonstrate a common plan, scheme, or design." Trial Court Opinion, 2/15/18, at 6-7. The evidence of record establishes distinctive similar attributes of the five burglaries so as to make it logical that the same person committed each crime. *Miles*, 846 A.2d at 137. *See also Commonwealth v. Hicks*, 156 A.3d 1114, 1125 (Pa. 2017) ("Sufficient commonality of factors between the other incidents and the underlying crime dispels the notion that they are merely coincidental and permits the contrary conclusion that they are so logically connected they share a perpetrator.") (citation omitted). Appellant's fourth issue is therefore meritless.

In his fifth and final issue, Appellant assails cell phone data and "ping" information introduced into evidence by the Commonwealth. Appellant

argues:

> it was error for the trial court to permit Jonathan Steiner to enter testimony as an expert witness for the Commonwealth on the grounds that the witness' name was never provided to the defense, no expert opinion or report was ever provided to the defense and the defense had no time to provide a rebuttal witness in time for trial.

Appellant's Brief at 48-49. However, Appellant adds that he "is not challenging the qualifications of Jonathan Steiner as an expert witness in the field of cell phone ping data and cell tower data. Rather, he is challenging the results of the cell phone ping data and the cell tower data, as the information that the Commonwealth presented was incomplete and missing details." *Id.* at 48.

In response, the trial court observes that Appellant "did not object to the testimony of AT&T's investigator regarding the ping data. However, he did thoroughly cross-examine the witness about the limitations in precision of remote cell phone locations. As such, it was a question for the jury to determine the persuasive value of that evidence." Trial Court Opinion, 2/15/18, at 8. Similarly, the Commonwealth asserts that Appellant is "unknowingly presenting an argument concerning the weight of the cell phone ping data evidence." Commonwealth Brief at 19. We agree.

It is well-settled that "a defendant must present his challenge to the weight of the evidence to the trial court for a review in the first instance either in a post-sentence motion, by written motion before sentencing, or orally prior to sentencing. *See* Pa.R.Crim.P. 607(A)." *Commonwealth v. Richard*, 150 A.3d 504, 516 (Pa. Super. 2016). This Court has explained:

[A] challenge to the weight of the evidence is distinct from a challenge to the sufficiency of the evidence in that the former concedes that the Commonwealth has produced sufficient evidence of each element of the crime, "but questions which evidence is to be believed."

*Id.*

Here, although Appellant did not specifically use the word "weight" in his post-sentence motion, he advanced his argument concerning "the believability" of that evidence. Appellant's Post-Sentence Motion, 6/26/17, at 17-18; *see also Maris*, 629 A.2d at 1017 n.1 (Court willing to liberally construe materials filed by a *pro se* appellant). The trial court in response stated that "the admission of testimony concerning cellphone tracking is rejected." Order, 10/2/17.

We have explained:

When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. "Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence." "Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim."

*Commonwealth v. Gibbs*, 981 A.2d 281, 282 (Pa. Super. 2009) (citations omitted). "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." *Id.* (citation omitted).

Consistent with the foregoing, we find no merit to Appellant's argument concerning the veracity of testimony regarding cellphone evidence and the trial court's rejection of that claim.

For the above reasons, Appellant is not entitled to relief. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/07/2018